

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-12,658-22, WR-12,658-23, WR-12,658-24 AND WR-12,658-25

### EX PARTE GARY WAYNE BARNES, SR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W81-01105-J (K), W80-16530-J (K), W81-01027-J (J) AND W81-02518-J (K)
### IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. On April 18, 2018, this Court remanded these applications to the trial court for additional affidavits and findings of fact. On November 5th and 6th, 2019, this Court received the records after remand. According to the supplemental records, the trial court held an evidentiary hearing on an unspecified date, but the transcript of the hearing was not forwarded to this Court. Under Article 11.07 of the Texas Code of Criminal Procedure, a reporter is required to transcribe a hearing within fifteen days of its conclusion and then to immediately forward the transcript to the district clerk in the county of

conviction. *Id*. at § 3(d). After receiving the transcript, the district clerk is required to forward it, among other things, to this Court. *Id*.; *see also* TEX. R. APP. P. 73.4(b)(4).

The district clerk shall serve the reporter in Applicant's case with a copy of this order and then either forward to this Court the transcript of the evidentiary hearing or certify in writing that the reporter has not transcribed the hearing. The district clerk shall comply with this order within thirty days from the date of this order.

Filed: November 25, 2019
Do not publish